IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TROY LYNN PREBLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-08-1708 |
| | § | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion to Dismiss (Document No. 6), in which Defendant argues that Plaintiff's claim(s) should be dismissed for failure to exhaust administrative remedies. Having considered the motion, the response, Plaintiff's claim(s), and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion to Dismiss is GRANTED.

Plaintiff Troy Lynn Preble ("Preble"), who received a favorable decision from the Social Security Administration on his claim for supplemental security income benefits, filed this suit to challenge the rule(s) set forth in 20 C.F.R. §§ 416.1140, 416.1141, for valuing "in-kind" income, which rule was applied to reduce his SSI benefits by one-third. Preble claims in this case that the rule is per se invalid. Preble did not raise that claim with the Social Security Administration, did not challenge the calculation of his benefits with an Administrative Law Judge, and has not administratively appealed the decision which applied the presumed value rule to his award of SSI benefits. The Commissioner maintains in the Motion to Dismiss that Preble has failed to exhaust his administrative remedies and this action should be dismissed on that basis. Preble, in response, argues

that exhaustion would be futile given his medical condition and the fact that the Appeals Council is bound by the presumed value rule and cannot, itself, determine whether the rule is valid.

An individual's eligibility for SSI benefits depends in part upon the income of the individual and the value of any resources owned by him or her. *See* 42 U.S.C. § 1382(a), § 1382c(a)(3)(A)-(C); 20 C.F.R. §416.110 and 416.1201. Although an SSI recipient is paid a flat monthly benefit, that monthly benefit is reduced by the amount of "income" the SSI recipient receives. *Hassbrock v. Barnhart*, 457 F. Supp.2d 736, 739 (S.D. Tex. 2006). "Income" is defined as "anything the individual receives in cash or in kind that the individual can use to meet her needs for food, clothing, or shelter." *Id*. Under the Act, "[i]n-kind income which is derived from someone else's payment of a recipient's food, clothing, or shelter" is considered in-kind support and maintenance." *Id*.

There are two rules for valuing in-kind support and maintenance: (1) the "presumed value rule," and (2) the "one-third reduction rule." *Id*. at 746. Here, as is relevant to Preble's claim, the Social Security Administration determined that Preble fell into "Federal Living Arrangement Category B", which required a reduction in his benefit by one-third because another person helped pay for his "food and housing costs." *See* Document 6-4 at 2, 7. Preble challenges that part of the presumed value rule which reduced his SSI benefit by one-third regardless of whether he received free food, free shelter, or both. Preble admittedly lived in the household of another, but he, himself, received food stamps,   Preble is not, as he makes clear in his response to the Motion to Dismiss, challenging the manner in which the presumed value rule was applied, but rather, is challenging the validity of the rule as it is written. *See* Response (Document No. 11) at 5 ("Note that plaintiff is claiming that the Presumed Value Rule, as set out in the regulation, has been properly applied but is invalid because it conflicts with the Social Security Act.").

2

In *Anderson v. Sullivan*, 806 F.Supp. 134 (E.D. Tex. 1992), a similarly situated social security claimant challenged a regulation similar to the one at issue herein prior to exhausting his administrative remedies. In denying the Motion to Dismiss for failure to exhaust administrative remedies, the United States District Court for the Eastern District of Texas wrote:

> In order for the court to waive the exhaustion requirement, a claimant must satisfy a three-part test:
>
> 1. the claim at issue must be collateral to a substantive claim of entitlement to benefits;
>
> 2. the claimant makes a colorable showing that requiring him to exhaust his administrative remedies would cause him an irreparable injury which retroactive payment of benefits cannot remedy; and
>
> 3. the claimant can show that exhaustion of administrative remedies would be futile.
>
> *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Marcus v. Sullivan,* 926 F.2d 604 (7th Cir.1991); *State of New York v. Sullivan,* 906 F.2d 910 (2d Cir.1990); *Cassim v. Bowen,* 824 F.2d 791 (9th Cir.1987).
>
> * * *
>
> 1. *Plaintiff's Claim in this Action is Collateral to His Substantive Claim of Entitlement to Benefits*
>
> Plaintiff's claim is clearly collateral to his substantive claim of entitlement to benefits. Plaintiff's substantive claim of entitlement to disability SSI benefits has been allowed by the Secretary, and he receives such benefits; thus, this action has nothing to do with plaintiff's entitlement to such benefits. In this lawsuit, plaintiff is primarily seeking a determination of the proper procedures for calculating the amount of benefits due him during the first three months of eligibility, not an award of benefits.
>
> Where a plaintiff asserts that a policy or regulation of the SSA is invalid as being in conflict with the Constitution or the Social Security Act, his claim is collateral; where a plaintiff asserts that a policy or regulation has been incorrectly applied to his claim for benefits, he is asserting a substantive claim of entitlement to benefits. The fact that the challenged policy had the effect of denying benefits does not transform a procedural challenge into a substantive claim of entitlement. *See Dunn v. Sullivan,* 758 F.Supp. 210 (D.Delaware 1991) (citing cases); *see also State of New York v. Sullivan,* 906 F.2d 910 (2d Cir.1990); *Johnson v. Sullivan,* 922 F.2d 346 (7th

Cir.1990); *Marcus v. Sullivan,* 926 F.2d 604 (7th Cir.1991); *Jensen v. Schweiker,* 709 F.2d 1227, 1229 (8th Cir.1983).

In the case at bar, plaintiff is not claiming that the RMA policy as set out in the regulation had been improperly applied to his claim for benefits. Rather, plaintiff claims that the RMA policy, as set out in the regulation, has been properly applied but is invalid because it conflicts with the Social Security Act.

*2. Plaintiff Made a Colorable Showing that He Would Be Irreparably Injured Were He Required to Exhaust His Administrative Remedies*

Plaintiff has made at least a colorable showing that he would be irreparably injured were he required to exhaust his administrative remedies.

The three-step review process provided by the SSA is time consuming and time is something plaintiff may not have. Plaintiff is infected with HIV, the virus that causes AIDS; his life expectancy is probably rather short. The need for a speedy resolution in a case such as this is obvious if the plaintiff, rather than his estate, is to obtain the benefit of a favorable decision. Remitting plaintiff to his administrative remedies may exhaust more than the administrative remedies provided by the SSA; it may exhaust most of plaintiff's remaining life span.

Because of his illness, plaintiff also needs to avoid stress, and the ordeal of having to go through the administrative appeal process may trigger a medical setback. *See Bowen v. City of New York,* 476 U.S. at 483-484, 106 S.Ct. at 2031-2032; *Cf. Reed v. Heckler,* 756 F.2d 779 at 783 (10th Cir.1985).

Under these circumstances, the court finds that plaintiff would be irreparably injured were he required to exhaust his administrative remedies.

3. *Exhaustion of Administrative Remedies Would be Futile*

The Secretary has promulgated regulations purportedly implementing the RMA provisions of the Social Security Act. Plaintiff asserts that these regulations are in violation of the Act. The administrative remedies available to plaintiff cannot be used to invalidate these regulations. *See Weinberger v. Sulfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Furthermore, in April 1991, the Secretary declined to promulgate regulations required by 42 U.S.C. § 1382(c)(4)(B) (1991). 56 Fed.Reg. 14268 (1991). The Secretary has taken a final position on the validity of his RMA regulations and the administrative appeal process cannot provide plaintiff with any relief. Exhaustion of administrative remedies would be futile where the Secretary's position is firm, and further administrative appeal would prove unavailing. *Beckless*

4

*v. Heckler,* 622 F.Supp. 715 (N.D.Ill.1985). This standard is satisfied in the case at bar.

*Anderson*, 806 F.Supp. At 137-138.

Here, the three requirements for waiver of the exhaustion requirement cannot be met. While Preble's claim is collateral to his claim for benefits, Preble has not made a colorable showing that he would be irreparably injured if he were required to exhaust his administrative remedies. Preble, like the plaintiff in *Anderson*, has AIDS. Preble, unlike the plaintiff in *Anderson*, was found to be disabled for a short period of time, from February 1, 2005 to June 30, 2006, at which time he returned to work. In addition, while Preble argues that neither the Administrative Law Judge nor the Appeals Council can consider the validity of the presumed value rule he challenges herein, Preble has made no showing that the Social Security Administration is either unwilling or unable to address his concerns regarding the presumed value rule. Preble maintains that it is unfair and illogical to reduce his SSI benefits by one-third regardless of whether he is provided free shelter, free food, or both. The ALJ, however, was not given the opportunity to address Preble's concerns or determine whether the rule was being applied correctly.[1] In addition, because the Appeals Council can, among other things,

---

[1] Arguably, Preble did not fit into "Federal Living Arrangement" Category B, because he did not received *both* food *and* housing from someone else. Moreover, the rules for determining SSI benefits at least facially distinguish between claimants living in the household of another and receiving both food *and* shelter, and those who receive food *or* shelter. *See* 20 C.F.R. § 416.1121(h) ("Support and maintenance in kind. This is food, or shelter furnished to you. Our rules for valuing this income depend on your living arrangement. We use one rule if you are living in the household of a person who provides you with both food and shelter. We use different rules for other situations where you receive food or shelter. We discuss all of the rules in §§ 416.1130 through 416.1147."). For a claimant who does not receive both food and shelter from someone else, the presumed value rule in §§ 416.1140 and 416.1141 allows the claimant to offer evidence that the current market value of the food or shelter is less than the presumed value. For Preble, this means that he had to make a showing that he received shelter, but not food, from someone else, and that only the value of the shelter could be considered in-kind income. Such a showing can only have been made through the exhaustion of Preble's administrative remedies.

consider and address broad policy issues that may affect the public interest, *see* 20 C.F.R. § 404.970; 20 C.F.R. § 416.1470, it cannot be said that it would be futile for Preble to exhaust his administrative remedies.

Because two of requirements for waiver of the exhaustion requirement have not been met in this case, it is

ORDERED that the Commissioner's Motion to Dismiss (Document No. 6) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Signed at Houston, Texas, this 15th day of January, 2009.

Frances H. Stacy
United States Magistrate Judge